REQUESTED BY: Jill N. Ekstein, Director Nebraska Real Estate Appraiser Board
You have requested our opinion regarding the licensure or approval of those entities which provide continuing education courses for real estate appraisers in Nebraska. Specifically, you ask whether the Nebraska Real Estate Appraiser Board may approve "educational activities for continuing education for appraisers as long as the course provides fewer than 16 clock hours without the providers receiving a license from the Department of Education." Additionally, you inquire whether the education providers must obtain licensure from the Department of Education prior to submitting applications to the Nebraska Real Estate Appraiser Board.
Looking first at the pertinent statutes, we note that each applicant for an initial credential under the Real Estate Appraiser Act must first complete a required number of class hours in board-approved courses of study. For each type of credential, the required courses of study "shall be conducted by an accredited university, college, community college, or junior college, an appraisal society, institute, or association, or such other educational provider as may be approved by the board. . . ." Neb. Rev. Stat. § 76-2229.01 (2003).
Pursuant to Neb. Rev. Stat. § 76-2236 (2003), each credential holder must also complete 28 hours of approved continuing education activities in each 2-year continuing education period. "The board shall approve continuing education activities which it determines would protect the public by improving the competency of credential holders." Finally, the board is authorized to adopt rules and regulations which "may include provisions establishing minimum standards for schools, courses, and instructors." Neb. Rev. Stat. § 76-2223(13) (2003).
The board has adopted regulations which address education activities and approval of providers at 298 NAC 4 and 5. Certain of these regulations appear to pertain to those educational courses and activities required for initial registration, licensure and certification and other provisions appear to pertain to the continuing education requirement for renewal of those credentials. With regard to those courses of study required in order to obtain an initial credential, the board has stated that providers of such courses of study must comply with the Nebraska Private Postsecondary Career School Act, Neb. Rev. Stat. § 85-1601, et seq., as well as the requirements of the Real Estate Appraiser Act. 298 NAC 4 § 002. The Real Estate Appraiser Board approves instructors of appraisal courses of study, approves appraisal courses of study necessary for meeting the minimum education standards and approves continuing appraisal education activities and their providers pursuant to 298 NAC 4. There are also circumstances in which approved appraisal courses required for initial credentials may also be used toward meeting continuing education requirements. 298 NAC 5.
The Private Postsecondary School Act administered by the Nebraska Department of Education requires any private postsecondary career school which is not specifically exempt under Neb. Rev. Stat. § 85-1604 to obtain authorization to operate from the Department of Education prior to operation in Nebraska. Neb. Rev. Stat. §§ 85-1610 and 85-1611 (1999). In addition, "any private postsecondary career school offering instruction in the State of Nebraska shall, within five years of its initial authorization to operate, apply to the department for the accreditation of such school." Neb. Rev. Stat. § 85-1617
(1999). A "private postsecondary career school" under this act is defined at Neb. Rev. Stat. § 85-1603(16) (Cum. Supp. 2004) as "any organization or business enterprise which is not specifically exempt under section 85-1604, which offers courses or subjects for which tuition is charged, and at the place of business of which a course of instruction is available through classroom instruction, home study, or both to a person for the purpose of training, preparing, or improving the person for an occupation even though the organization's or business enterprise's principal efforts may not be exclusively educational in nature." Also, a "course of study" is defined under this act as "a program of study, training, or instruction consisting of a series of lessons or classes which are coordinated as a curriculum or program of instruction to prepare or qualify individuals or improve or upgrade the skills needed for employment, career opportunities, or any specific occupation." Neb. Rev. Stat. § 85-1603(8) (Cum. Supp. 2004). Certain education and schools are exempted from provisions of the act pursuant to Neb. Rev. Stat. § 85-1604. Section 85-1604(12) (Cum. Supp. 2004) provides that entities exclusively offering short-term training are exempted from the provisions of the act and the implementing regulations. "Short-term training" is defined by Neb. Rev. Stat. § 85-1603(20) (Cum. Supp. 2004) as "classes, courses, or programs of instruction or study that are offered for the purpose of training, preparing, or improving a person for an occupation when (a) the total hours of instruction required for completion is sixteen clock hours or less and (b) no final course grade is given to persons enrolled."
Our review of the statutes and regulations indicates that a provider of the appraisal education necessary in order to obtain an initial credential under the Real Estate Appraiser Act must obtain approval from the Real Estate Appraiser Board and must also comply with the Nebraska Private Postsecondary Career School Act. Such a provider offers more than short-term training as that term is defined by the Private Postsecondary Career School Act; in addition, the Real Estate Appraiser Board's own regulations appear to recognize that such a provider must obtain an authorization to operate from the Department of Education. See 298 NAC 4 § 002.
Although the answer is less clear with regard to providers which offer continuing education for real estate appraisers, it is our view that such providers are exempted from the provisions of the Private Postsecondary Career School Act if they exclusively offer short-term training, that is courses in which the total hours for instruction required for completion is 16 clock hours or less and no final course grade is given. While this is a factual determination to be made by the Department of Education, the pertinent question appears to be whether the provider exclusively offers short-term training. To the extent an entity or school also offers pre-license education or continuing education classes which may not be completed within 16 hours it would not be considered to be exclusively offering short-term training and would not be exempt from the provisions of the Private Postsecondary Career School Act.
 Sincerely, JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
 APPROVED: _______________________________ Attorney General